■ ISABEL SOSA, Respondent, v CITY OF NEW YORK, Appellant. — In a negligence action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County

(Jordan, J.), dated October 21, 1980, which denied its motion for leave to serve an amended answer. Order reversed, on the law, without costs or disbursements, and motion granted. The amended answer annexed to the moving papers is deemed served. At about 8:30 P.M. on March 12, 1979, the plaintiff fell on an allegedly defective sidewalk. A notice of claim was served and a hearing was held. This action was commenced on February 4, 1980; the complaint alleges, *inter alia,* that the notice of claim was served on or about April 3, 1979. On April 2, 1980 the city served an answer containing the affirmative defense that the notice of claim was not timely served in accordance with section 50-e of the General Municipal Law. In addition, the city, apparently inadvertently and mistakenly admitted that the notice of claim was served on March 12, 1979, which was the date of the accident. By notice of motion dated July 25, 1980, the city moved for leave to amend its answer so as to reflect the correct date of service of the notice of claim, namely, June 18, 1979. The motion was made on the ground that the admission of service on March 12, 1979 was inadvertent and obviously a mistake, since that was the date of the accident. In his opposing affidavit, plaintiff's attorney stated that his file showed that his office mailed the notice of claim on June 12, 1979. (We note that this was two days after the expiration of the 90-day period for service under section 50-e [subd 1, par (a)] of the General Municipal Law.) Special Term found that there was no legal excuse for the error or delay and that allowing the amendment requested would be prejudicial to the plaintiff, since her time to move for leave to serve a late notice of claim had expired (see General Municipal Law, § 50-e, subd 5). Under CPLR 2001, the mistake here should be corrected unless this prejudices a substantial right of the plaintiff. We find no such prejudice here. The notice of claim was not timely served; the city had pleaded the untimely service as an affirmative defense and plaintiff never moved for leave to serve a late notice of claim, even though her counsel knew, or should have known, that the notice of claim was not timely. Since the plaintiff was aware of the true date of service and was in no way misled by the city's inadvertent error, the city should not, in the circumstances shown, be estopped from correcting the obvious mistake by amending its answer. Gulotta, J. P., Thompson, Brown and Niehoff, JJ., concur.